[No. 15748.   Department One.   July ·8, 1920.]

## F. L. MINNICK, *Appellant*, v. ARTHUR KITT *et al.*, *Respondents.*[1]

BILLS AND NOTES (138)—WEIGHT AND SUFFICIENCY OF EVIDENCE—
FRAUD.· Affirmative defenses, to actions upon notes given in pay-
ment for a machine, are sustained where it appears that the sale
was induced by false representations, and that later there was a
readjustment of the matter whereby plaintiffs agreed to cancel the
notes and accept payment for the machine from a corporation to be
organized.

Appeal from a judgment of the superior court for
Spokane county, Hurn, J., entered July 11, 1919, upon
findings in favor of the defendants, in an action on
promissory notes, tried to the court. Affirmed.

*Cordiner & Cordiner,* for appellant.

*Carl Ultes* and *Dodds & Dodds,* for respondents.

MACKINTOSH, J.—This is an action to recover on
three promissory notes executed by the respondent
and payable to appellant. The answer admits the exe-
cution of the notes and that they are unpaid, but ex-
cuses the nonpayment by two affirmative defenses;
the first being that the notes were executed in pay-
ment for a gold separating machine owned by the
appellant which he sold to respondents upon repre-
sentations as to its value and efficiency, which repre-
sentations were false; and second, that, subsequent to
the sale, the appellant and respondents entered into
an agreement whereby the notes were to be cancelled
and the machine was to be delivered to a corporation
which was then being organized, which was to take
and pay for the machine.

[1]Reported in 191 Pac. .398.

The trial court, hearing the evidence, determined that it sustained the allegations of the affirmative defenses, and rendered judgment for the respondent.

A reading of the one hundred and twenty-five pages of statement of facts discloses that the evidence does not preponderate against the findings of the trial court, and, in truth, the evidence convinces us that no other decision could reasonably have been arrived at. The testimony shows that the representations as to the value of the machine were false; that the representations as to the amount of work it was capable of accomplishing were also false; and, upon the second point, the testimony is convincing that, after the sale of the machine to the respondents, a readjustment of the transaction was made, whereby the appellant agreed to cancel the notes upon which the suit is brought and to deliver the machine to the mining company and accept payment therefor from the company.

Being satisfied that the trial court arrived at the proper conclusion upon the evidence, its judgment will be affirmed.

HOLCOMB, C. J., MITCHELL, PARKER, and MAIN, JJ., concur.